UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD MICHAEL MOORE,

                Petitioner,               Case Number 2:14-cv-10357
                                                         Honorable Victoria A. Roberts

LLOYD RAPELJE,

                Respondent.
_____/

**OPINION AND ORDER HOLDING HABEAS PETITION IN ABEYANCE AND
CLOSING THE CASE FOR ADMINISTRATIVE PURPOSES**

This matter is before the Court on Petitioner Chad Moore's petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. Petitioner was convicted in the Midland Circuit Court of delivery of methamphetamine, MICH. COMP. LAWS § 333.7401(2)(b)(i). As a result of this conviction Petitioner is currently serving a sentence of 20-to-40 years. The petition raises four claims: 1) the trial court erred in admitted evidence of Petitioner's prior offenses, 2) the prosecutor committed misconduct during opening statements and closing arguments, 3) the trial court misapplied the habitual offender sentencing statute, and 4) Petitioner was denied the effective assistance of counsel at trial and on appeal. The Court finds that Petitioner has not exhausted his state court remedies with respect to his fourth claim. Therefore, the petition will be stayed and held in abeyance to allow Petitioner to complete state court review of his unexhausted claim.

I. Facts and Procedural History

Charles Derr testified at Petitioner's trial that he knew Petitioner and used to buy methamphetamine from him. He met Petitioner in April of 2010, when Petitioner was at a friend's house, and Petitioner was cooking methamphetamine. Derr testified that he met with Petitioner once a week or once a month, depending on what was going on. He purchased methamphetamine from

him in locations including down the road from his house, by a little gas station, back roads and sides of the road. He had been to Petitioner's house or his brother's house a few times. The purchases at issue happened between April 2010 and January 2011. Specifically, Derr performed a controlled buy of methamphetamine from Petitioner on January 13, 2011.

James Harnick testified that he had known Petitioner since he was a young kid. Petitioner had asked Harnick for a ride, and Harnick drove him to meet some guys from Beaverton. According to Harnick, he drove to Olson Road, and Petitioner had him flash his lights. A guy got out of another car and walked up to Harnick's car, and spoke to Petitioner. Harnick testified that Petitioner and the informant traded stuff back and forth regularly but that Harnick didn't see the money traded. Harnick said he figured the transaction was drug-related.

Detective Dustin Box testified that in January of 2011, he received some information concerning Petitioner. Det. Box had contact with Charles Derr, and set up a controlled buy for methamphetamine. Det. Box acted as an undercover officer, and drove Derr to meet Petitioner. Derr made a cell phone call to Petitioner, telling him they were there. Petitioner told the confidential informant that he had to package up the methamphetamine and he would be right there. Petitioner's van soon flashed its lights, and Derr got out. He came back a few minutes later and showed Det. Box the methamphetamine. Det. Box ran the van's license plate and it came back to James Harnick. The information Derr received originally was that Petitioner was making his own meth. Det. Box did not arrest him that night because he was hoping to get a couple of buys into Petitioner.

Based on this evidence Petitioner was convicted and sentenced as indicated above.

Following his conviction and sentence, Petitioner filed a claim of appeal in the Michigan Court of Appeals, raising the following claims in his brief on appeal and in his pro se supplemental

brief:

> I. The trial court abused its discretion by overruling Moore's objection to the prosecution's introduction of evidence of Moore's other crimes where reasonable notice of the intent to introduce such evidence was not given by the prosecution.
>
> II. Moore was denied a fair trial by the prosecutor's opening and closing argument in which they stated that police were receiving "numerous tips" and that "fingers were pointing to" Moore as "being involved" and that police "were receiving information about methamphetamine being sold" and also received information from witness Derr and that all of that information "pointed to" Moore.
>
> III. The sentencing court erred by entering a judgment of sentence stating that Moore was sentenced using a general habitual offender statute, Mich. Comp. Laws § 769.12, where it specifically sentenced him using the repeat controlled substance offender statute, Mich. Comp. Laws § 333.7413(2).
>
> IV. Prosecutorial tactics rose to the level of a due process violation.
>
> V. The judge's biased conduct denied Moore equal protection.
>
> VI. The cumulative effect of error and conduct by the People denied Moore a fair trial.

The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion. *People v. Moore*, No. 306039, 2013 WL 1442215, at *1 (Mich. Ct. App. Apr. 9, 2013).

Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Moore*, 836 N.W.2d 159 (Mich. 2013) (table).

Petitioner commenced the present action when by filing his habeas petition in the United States District Court of the Western District of Michigan on January 8, 2014. The case was subsequently transferred to this district.

## II. Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); see also *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be raised in the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Here, Petitioner exhausted his first three claims in the Michigan Court of Appeals and Michigan Supreme Court during his direct appeal. His fourth claim, however, which contains multiple allegations of ineffective assistance of trial and appellate counsel, has not been presented to any state court. Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, see 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court

ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.

As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. See *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; see also *Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

After the inmate exhausts state remedies, the district court can lift its stay and allow the inmate to proceed in federal court. *Rhines*, 544 U.S. at 275-76. A stay is available in "limited circumstances," such as when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." *Id*. at 278.

Petitioner's unexhausted claims ultimately may not warrant habeas relief, but they are not "plainly meritless." *Id*. at 277. Furthermore, Petitioner is not engaged in abusive litigation tactics, and he alleges that appellate counsel refused to raise all his claims in the appeal of right. Thus, it is not an abuse of discretion to stay this case while Petitioner pursues additional state remedies.

The Court therefore **ORDERS** that it will **STAY** the case and hold it in **ABEYANCE.**

As a condition of the Court's stay, however, Petitioner must file a motion for relief from judgment in the state trial court within ninety (90) days of the date of this order if he has not already

done so, and if the motion is denied, pursue an appeal through the Michigan Court of Appeals and Michigan Supreme Court. If he is unsuccessful in state court, he may file an amended habeas corpus petition and a motion to re-open this case, using the same case number that appears on this order. An amended petition and motion to re-open this case must be filed within ninety (90) days of exhausting state remedies. Failure to comply with the conditions of this stay could result in the dismissal of the amended petition. *Calhoun v. Bergh*, 769 F.3d 409, 411(6th Cir. 2014).

Lastly, the Court **ORDERS** the Clerk of the Court to close this case for administrative purposes. Nothing in this order should be construed as an adjudication of the merits of Petitioner's claims.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 31, 2015

The undersigned certifies that a copy of this document was served on the attorneys of record and Chad Michael Moore by electronic means or U.S. Mail on March 31, 2015.

S/Carol A. Pinegar
Deputy Clerk